## SETH HASTINGS *versus* THE BLUE HILL TURNPIKE CORPORATION.

A deed of release of shares in a turnpike corporation will be held to operate as a grant, in order to effect the intent of the parties.

Where a clerk of a corporation is not required by any statute to be under oath, but the corporation, for their own security, make a by-law requiring him to be sworn, they cannot avail themselves of his omission to take the oath, in defence to an action against them by one claiming to be a stockholder.

Where the by-laws of a corporation provide that the clerk shall be chosen annually, and likewise that he shall continue in office until another shall be chosen and duly qualified, if a person chosen and qualified is re-elected the next year, he continues to be clerk under the first election until he shall be qualified under the second election.

The certificate of a recording officer, that a deed has been duly recorded, is only *primâ facie* evidence of the fact, and may be rebutted by the production of the records, showing that it has not been recorded.

So that where the clerk of a turnpike corporation certified on the deed of a purchaser of shares, that it was duly recorded, when in fact it was not, the title of a subsequent purchaser without notice, whose deed was recorded, prevailed over that of the first purchaser.

ASSUMPSIT for money had and received, to recover the dividends on twelve shares, numbered from 25 to 37 inclusive, in the stock of the Blue Hill Turnpike Corporation. Plea, the general issue. Trial before *Morton* J.

The defendants admitted that the dividends had been declared upon the abovementioned shares, and that the plaintiff

demanded payment of them in February 1828, but they de-
nied the plaintiff's title to the shares.

To prove his title, the plaintiff gave in evidence deeds from
William P. Whiting to Daniel Wild, from Wild to Samuel
Woods, and from Wild and Woods to the plaintiff, which were
certified to be recorded, and which were actually recorded in
the records of the corporation, which were produced.

The defendants gave in evidence a deed of the same shares
from Whiting to Mary Wales, duly acknowledged, of earlier
date than either of the above deeds.

It appeared that Whiting had been clerk of the corporation
from its commencement to the year 1827, when he died, and
during this time he kept all their records. The deed to Mary
Wales had upon it the certificate of Whiting, that it had been
recorded, but upon the production of the records it appeared
that it was not recorded.

Upon this evidence the defendants consented to be defaulted.
If it is sufficient to support the action, judgment was to be ren-
dered upon the default.

The papers used at the trial made a part of the case.

*Harrington*, for the defendants. The deed from Whiting to
Wild is insufficient, as it is merely a release, the words being
" remise, release, and quitclaim ;" whereas in the form pre-
scribed in the by-laws, the words are " sell and convey."

In 1826 and 1827, when the deeds under which the plaintiff
claims were made, no person had been qualified to make a rec-
ord, Whiting not having taken an oath, as required by the by-
laws. The by-laws provided that there should be an annual
meeting, and that all officers should be then chosen, and that
the clerk should be sworn to the faithful performance of his
duty. The office of the clerk was annual. *Dedham Bank* v.
*Chickering*, 3 Pick. 340.

The certificate of the clerk, duly chosen and sworn, is con·
clusive evidence of the recording of the deed to Mary Wales.
3 Dane's Abr. *p.* 356, *art.* 2 ; Peake's Ev. 32 ; Gilb. Ev.
24, 26 ; Bull. N. P. 229 ; 1 Stark. Ev. 173 ; *Kinnersley* v.
*Orpe*, 1 Doug. 57 ; *Selby* v. *Harris*, 1 Ld. Raym. 745.

*W. S. Hastings* for the plaintiff. The act of incorporation
(*St.* 1803, *c.* 130, § 5,) provides, that the transfer of shares

Hastings
*v.*
Blue Hill
Turnpike
Corporation.

81

Oct. 28th.

shall be by deed, but it prescribes no form; and the by law prescribing a form is repealed by a subsequent set of *ry*-laws, which are silent on that subject.

A release will operate as a grant, in order to effect the intent of the parties. *Goodtitle* v. *Bailey*, Cowp. 597.

The act of incorporation does not require that the clerk shall take an oath; the requisition was by the corporation for their own security; and a purchaser, being a stranger, is not bound to ask whether the oath has been administered. But this is immaterial, for both sets of by-laws say that the clerk shall continue in office until a successor shall be chosen and duly qualified; and if there were no such by-law, the same result would follow, even if the office were annual; which is not the case here. 2 Kent's Comm. 238; *Dedham Bank* v. *Chickering*, 3 Pick. 340.

Whiting was clerk *de facto*; and that is sufficient as respects strangers. *Bucknam* v. *Ruggles*, 15 Mass. R. 180; *Nason* v. *Dillingham*, ibid. 170; *Fowler* v. *Bebee*, 9 Mass. R. 231; *Doty* v. *Gorham*, 5 Pick. 487.

The certificate of the clerk can stand on no better ground than a certified copy; which is not evidence, when the record itself is in court. *Lynch* v. *Clerke*, 3 Salk. 154; *Rex* v. *Gordon*, 2 Doug. 593; 1 Stark. Ev. 181, 182. Besides, the clerk of this corporation is not a certifying officer. 1 Stark. Ev. 154, 155, 158, 159; 1 Phil. Ev. (2d ed.) 290, 292; *Hallowell &c. Bank* v. *Hamlin*, 14 Mass. R. 178; *Stoever* v. *Lessee of Whitman*, 6 Binney, 416; *M'Carty* v. *Sherman*, 3 Johns. R. 429.

*Metcalf*, on the same side.

**Oct. 30th.**    WILDE J. delivered the opinion of the Court. The first objection to the plaintiff's title deeds is, that they are not conformable to the form prescribed by the by-laws of the corporation. To this objection it was answered, and we think satisfactorily, that before the deed was made, under which the plaintiff claims, the by-laws were repealed, and there was no exception as to the form of the deed in the repealing clause.

It was then objected, that the deed was a mere release, and not sufficient by the rules of law to transfer the title. If these

shares were real estate, there might be weight in this objection;[1]   Hastings but personal estate may be transferred without a deed; and   *v.* when a deed or bill of sale becomes necessary, or proper, or is   Blue Hill adopted as the most convenient evidence of the transfer, it is   Turnpike Corporation to be liberally construed, so as to effectuate the intention of the parties, and is not to be governed rigidly by the precise rules applicable to the conveyances of real estate. It is sufficient that it is made clear that it was the intention of the parties to transfer the property. And this we think appears manifestly by the terms of the deed under which the plaintiff claims.[2]

The next objection is, that the clerk of the corporation, who made the deed, was not duly qualified, not having taken the oath after his last election previous to making the deed, in conformity to one of the by-laws of the corporation. To this objection it was replied, that the act of incorporation did not   **83** require the clerk to be sworn; and that if the corporation for their own security required it, it was only directory, and was not an indispensable qualification; and if it was, that the same person was clerk the next year previous, and was duly qualified, and that he continued in office under the former election until he was duly qualified under the new. And we are of opinion that this would be the necessary consequence, if we were to decide that the oath required was an indispensable qualification. For though the by-laws provide that the clerk shall be chosen annually, they also provide that he shall continue in office until another shall be chosen *and duly qualified*.[1] But we think the taking of the oath was not an essential qualification. The by-law was directory, and made for the benefit and security of the corporation. It was their business to see that it was duly administered, and it ought not to be so construed as to allow them to avail themselves of their own neglect, to set aside the title of a *bonâ fide* purchaser. And so are the authorities on both points. 2 Kent's Comm. 238, [3d ed. 295, note *b*;] *The*

---

[1] But see Revised Stat. *c.* 59, § 5.

[2] See Revised Stat. *c.* 39, § 10.

[*] See *M'Call* v. *Byram Manuf. Co.* 6 Connect. R. 26; *All Saints Church* v. *Lovett*, 1 Hall, (N. York,) 191; 2 Kent's Comm. (3d ed.) 294, 295; Revised Stat. *c.* 38, § 4.

*Queen v. Corp. of Durham*, 10 Mod. 147 ; *Foot v. Prowse*, 1 Str. 625 ; *The People v. Runkel*, 9 Johns. R. 158.

So also the other ground of defence as to the dividends, on a part of the shares, under the title of Mary Wales, cannot be maintained. The deed to her, it is true, was prior in date to that under which the plaintiff claims, and was duly acknowledged ; and on the back of the deed it had been certified by the clerk, that it had been duly recorded ; but on the production of the record it appeared that the deed was not recorded. On this point the record is conclusive. The certificate of the clerk is only *primâ facie* evidence. To determine otherwise, would defeat one of the principal objects of the record, for the certificate of the clerk would be no notice to subsequent purchasers. And by all the rules of evidence, the record must be conclusive on this point. [But see *Ames v. Phelps*, 18 Pick 314.]

*Judgment for the plaintiff.*